```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

ANTHONY SHERROD,

                          Petitioner,

    -vs-

DALE A. ARTUS, Superintendent,

                          Respondent.

**No. 6:13-CV-06539 (MAT)**
**DECISION AND ORDER**

## I.   Introduction

Proceeding *pro se*, Anthony Sherrod ("petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the basis that he is being detained in respondent's custody in violation of his federal constitutional rights. Petitioner is incarcerated pursuant to a judgment entered June 16, 1998, in Erie County Court (Tills, J.), following a jury verdict convicting him of an eleven-count indictment which included three counts of rape in the first degree (N.Y. Penal Law § 130.35), three counts of sodomy in the first degree (former N.Y. Penal Law § 130.50(1)), two counts of robbery in the second degree (N.Y. Penal Law § 160.10), one count of sex abuse in the first degree (N.Y. Penal Law § 130.65), one count of kidnapping in the second degree (N.Y. Penal Law § 135.20), and one count of unauthorized use of a motor vehicle in the first degree (N.Y. Penal Law § 165.08).

## II.   Factual Background and Procedural History

Petitioner's conviction arose out of a June 25, 1997 incident in which he abducted a young woman from a mall parking lot.

Petitioner then tied the victim to a fence and sexually abused her over a period of approximately five hours, before she was able to escape. After a jury trial, petitioner was convicted as indicted, as outlined above. On June 16, 1998, he was sentenced, as a second felony offender, to an aggregate determinate term totaling 90 years, which was deemed a determinate term of 50 years pursuant to N.Y. Penal Law § 70.30(1)(e)(vii).

Petitioner's direct appeal was not perfected until 2011. His conviction was unanimously affirmed by the Appellate Division, Fourth Department, on April 20, 2012. See People v. Sherrod, 82 A.D.3d 1624 (4th Dep't 2011), lv denied 16 N.Y.3d 889. On January 17, 2012, petitioner filed a writ of error coram nobis raising claims of ineffective assistance of appellate counsel. The Fourth Department denied that application on April 20, 2012. See People v. Sherrod, 94 A.D.3d 1481 (4th Dep't 2012), lv denied, 19 N.Y.3d 967. Petitioner then filed a motion to vacate his judgment of conviction, pursuant to N.Y. Criminal Procedure Law ("CPL") § 440.10, on December 12, 2012. That motion was denied on May 20, 2013, and the Fourth Department denied leave to appeal on September 11, 2013.

Petitioner filed a first habeas corpus petition on October 1, 2013. Doc. 1. The petition raised grounds of prosecutorial misconduct (grounds one and two); withholding of allegedly exculpatory evidence from petitioner's suppression hearing and

trial (grounds three and four); ineffective assistance of trial and appellate counsel (grounds five and seven); and unduly suggestive identification procedures (ground six).

On November 14, 2013, petitioner moved to stay and amend his petition by adding unexhausted claims. Doc. 5. On December 23, 2013, the Court denied that motion without prejudice, and directed petitioner to file a new motion and amended petition including his exhausted and unexhausted claims. Doc. 8. On January 27, 2014, petitioner filed his motion to stay and amended petition, which sought to add unexhausted claims relating to ineffective assistance of appellate counsel. Docs. 9, 10. On March 26, 2014, this Court dismissed the unexhausted claims without prejudice and stayed the exhausted claims. The order instructed petitioner that "[u]pon completion of the state court proceedings, petitioner shall file a motion . . . within 30 days to vacate the stay and reinstate the ineffective assistance of appellate counsel claims. If this condition of the stay is not met, this stay may later be vacated nunc pro tunc as of the date the stay was entered, and the amended petition may be dismissed if it is still not timely." Doc. 12 at 3-4.

On January 8, 2014, prior to filing his motion to stay and amended petition, petitioner filed a second writ of error coram nobis raising the unexhausted claims of ineffective assistance of appellate counsel. That motion was denied on July 3, 2014. See

People v. Sherrod, 119 A.D.3d 1387 (4th Dep't 2014), lv denied 24 N.Y.3d 1005, reconsideration denied 24 N.Y.3d 1088. Petitioner notified the Court of that denial and the pendency of his leave application by letter dated September 11, 2014. Doc. 13.

On January 15, 2015, petitioner filed another CPL § 440.10 motion raising claims of prosecutorial misconduct, ineffective assistance of trial counsel, and alleged perjury by prosecution witnesses. By letter dated February 26, 2015, petitioner notified the Court of that filing, and further informed the Court that the Court of Appeals had denied reconsideration of his coram nobis application. Doc. 14. The trial court denied petitioner's § 440.10 motion on June 23, 2015, and leave to appeal was denied on October 22, 2015.

On March 10, 2015, respondent moved to dismiss the amended petition in its entirety. Doc. 15. Respondent argues that petitioner failed to comply with the Court's March 26, 2014 order requiring petitioner to file a motion to vacate the stay and reinstate his unexhausted claims within 30 days of the claims' exhaustion in state court.

Thereafter, on March 27, 2015, petitioner filed a motion to vacate the stay and reinstate the previously unexhausted ineffective assistance of appellate counsel claims. Doc. 18. Simultaneously, petitioner filed a second amended petition, which included the claims previously stated in his first amended petition

of January 27, 2014 (doc. 9), along with an additional – allegedly unexhausted – claim of ineffective assistance of trial counsel. The new claim relates to an alleged Brady violation petitioner states he newly discovered while his January 8, 2014 coram nobis motion was pending. Petitioner filed another coram nobis application on November 12, 2015, in which he raised the ineffective assistance claim predicated on the alleged Brady violation. See doc. 21-1. Petitioner's motion to vacate the stay (doc. 18) requests that the second amended petition be stayed and held in abeyance until petitioner's unexhausted ineffective assistance claim is exhausted.

**III. Discussion**

Presently before the Court, therefore, are (1) respondent's motion to dismiss (doc. 15); (2) petitioner's motion to vacate the stay and reinstate his previously unexhausted claims relating to ineffective assistance of appellate counsel (doc. 18); and (3) petitioner's motion to amend his petition and stay a newly filed amended petition until his new ineffective assistance of trial counsel claim is exhausted (docs. 18, 19).

**A.   Petitioner's Second Amended Petition**

To the extent that petitioner has moved to amend his petition a second time, and for a stay pending exhaustion of his latest ineffective assistance of trial counsel claim, that motion is denied. As the Court advised petitioner in its original order granting a stay, the grant of a stay is within the district court's

discretion. A stay should be granted when a court finds (1) "good cause" for petitioner's failure to exhaust his claims prior to filing the petition; (2) the unexhausted claims are "potentially meritorious"; and (3) there is no indication that petitioner "engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 277-78 (2005). The Court has reviewed petitioner's most recent coram nobis application (doc. 21-1), filed November 12, 2015, in which he describes the alleged Brady violation and ineffective assistance of trial counsel for failure to raise the issue. Petitioner alleges that he discovered "new" evidence through a FOIL request made during the pendency of his prior coram nobis motion, which was filed January 8, 2014. According to petitioner, through that FOIL request, he received the contents of the Buffalo Police Department Evidence Manual. Petitioner argues that the forensic chemist who testified in his 1998 trial failed to properly follow the procedures outlined in that manual.

Petitioner's claim does not involve any "newly discovered" evidence, but rather relates entirely to an issue that petitioner had a full and fair opportunity to litigate at the time of his trial nearly two decades ago. At the very least, petitioner could have exhausted this claim before now. See, e.g., Bradley v. LaClair, 599 F. Supp. 2d 395, 406 (W.D.N.Y. 2009) (denying stay, finding good cause requirement not met where petitioner's alleged

newly discovered evidence was a map which, with "due diligence, . . . could have [been] obtained [at] an earlier time"). It is thus apparent to the Court that petitioner has no "good cause" for a failure to exhaust this claim at an earlier time, and therefore the threshold requirement for granting a stay has not been met. Petitioner's second amended petition (doc. 19) is therefore dismissed.

> **B. Respondent's Motion to Dismiss and Petitioner's Motion to Vacate the Stay and Reinstate His Previously Unexhausted Claim of Ineffective Assistance of Appellate Counsel**

The Court now turns to petitioner's motion to vacate the stay and reinstate his previously unexhausted claims of ineffective assistance of appellate counsel (doc. 18), which relate to his amended petition filed on January 27, 2015 (doc. 9). As discussed above, shortly before petitioner filed his motion to vacate the stay, respondent moved to dismiss the petition in its entirety, arguing that petitioner failed to comply with the terms of the Court's March 26, 2014 order granting the stay. Petitioner argues that he "mistakenly" believed that his actions in updating the Court regarding the progress of his postjudgment motions constituted compliance with the Court's stay order. See doc. 18 at 9-11.

The postjudgment motion at issue is petitioner's January 8, 2014 coram nobis application, which raised unexhausted claims of ineffective assistance of appellate counsel. The Fourth Department

denied the application on July 3, 2014. See People v. Sherrod, 119 A.D.3d 1387 (4th Dep't 2014), lv denied 24 N.Y.3d 1005, reconsideration denied 24 N.Y.3d 1088. Petitioner did not notify the Court of the progress of that motion until over two months later, when by letter dated September 11, 2014 he informed the Court that his leave application was pending with the Court of Appeals. Doc. 13. Petitioner next updated the Court on February 26, 2015, and noted that the Court of Appeals had denied leave on October 7, 2014, and denied reconsideration on December 23, 2014. Petitioner did not file his motion to vacate the stay until March 27, 2015, approximately three months after the Court of Appeals denied reconsideration.

It is thus apparent that petitioner did not strictly comply with the requirements of the Court's order granting the stay, which required him to move to vacate the stay within 30 days of exhaustion of the ineffective assistance claims. However, that order left it up to the Court's discretion whether to vacate the stay and whether to reinstate previously unexhausted claims. The Court finds that petitioner substantially complied with its order by apprising the Court of the progress of his coram nobis motion. Regarding the amended petition filed January 27, 2014 (doc. 9), the Court therefore grants petitioner's motion to vacate the stay and reinstates the previously unexhausted claims of ineffective assistance of appellate counsel.

For the same reasons, respondent's motion to dismiss the petition is denied. The Court notes that, in its motion to dismiss, respondent also request dismissal of the petition in its entirety "because on its face, the petition lacks merit as a matter of law." Doc. 15 at 5. The Court finds that the motion dismiss the petition in its entirety on that basis is premature, as respondent has not yet responded to the substance of the petition. Respondent is directed to file a response to the amended petition (doc 9) by September 21, 2016.

## **CONCLUSION**

For the foregoing reasons, petitioner's motion to vacate the stay (doc. 18) is granted. The stay is vacated as to the exhausted claims listed in the amended petition (doc. 9) and the unexhausted claims listed in that petition are reinstated. Respondent's motion to dismiss (doc. 15) is denied. The second amended petition (doc. 19)is dismissed. Respondent is directed to file a response to the amended petition (doc 9) by September 21, 2016.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   June 24, 2016
         Rochester, New York.