UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTHONY SHERROD,

                      Petitioner,

      -vs-

DALE A. ARTUS, Superintendent,

                      Respondent.

No. 6:13-cv-06539 (MAT)
**DECISION AND ORDER**

---

## I. Background

On October 3, 2013, Anthony Sherrod ("Petitioner") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of a judgment entered against him on June 16, 1998, in Erie County Court (Tills, J.), following a jury verdict convicting him of an eleven-count indictment which included three counts of rape in the first degree (N.Y. Penal Law § 130.35), three counts of sodomy in the first degree (former N.Y. Penal Law § 130.50(1)), two counts of robbery in the second degree (N.Y. Penal Law § 160.10), one count of sex abuse in the first degree (N.Y. Penal Law § 130.65), one count of kidnapping in the second degree (N.Y. Penal Law § 135.20), and one count of unauthorized use of a motor vehicle in the first degree (N.Y. Penal Law § 165.08). Petitioner is currently serving his sentence on that judgment.

On November 14, 2013, Petitioner filed a motion to have the petition stayed and held in abeyance, and also filed a motion to amend the petition. The Court denied his motion without prejudice

on December 23, 2013, and granted him permission to file an amended petition by January 31, 2014. On January 26, 2014, Petitioner filed an amended petition (Dkt #9).

Also on January 26, 2014, Petitioner filed a motion to stay (Dkt #10) on the basis that, on January 8, 2014, he had filed an application for a writ of error <u>coram nobis</u> in the intermediate appellate court. The Court granted his motion to stay on March 26, 2014 (Dkt #12).

On March 10, 2015, Respondent filed a motion to dismiss the amended petition (Dkt #15) due to Petitioner's lack of diligence in prosecuting this action. On March 19, 2015, Petitioner filed a motion to vacate the stay and reinstate his ineffective assistance of appellate counsel claims (Dkt #18) and a proposed second amended petition (Dkt #19).

In a decision and order (Dkt #24) filed June 24, 2016, the Court vacated the stay as to the exhausted claims listed in the amended petition (Dkt #9), reinstated the unexhausted claims set forth in that pleading. The Court denied Respondent's motion to dismiss (Dkt #15), and dismissed Petitioner's proposed second amended petition (Dkt #19). Finally, the Court directed Respondent to answer the amended petition (Dkt #9).

On August 26, 2016, Petitioner filed a proposed third amended petition (Dkt #25-1). On September 21, 2016, Respondent filed his response (Dkt #26) and memorandum of law in opposition (Dkt #27) to

the first amended petition (Dkt #9), as previously directed by the Court.

On November 8, 2016, the Court issued a decision and order addressing both the amended petition (Dkt #9) and the proposed third amended petition (Dkt #25-1). The Court denied relief on the claims in the amended petition (Dkt #9), and denied Petitioner's request to amend (Dkt #25-1) his petition again. The Court also declined to issue a certificate of appealability.

On May 3, 2017, the United States Court of Appeals for the Second Circuit denied Petitioner's motion for a certificate of appealability and dismissed his appeal (Dkt #38).

On January 29, 2018, Petitioner filed a motion to set aside the Court's decision and order dismissing his petition (Dkt #39) along with a motion to appoint counsel (Dkt #40). Respondent filed an affidavit (Dkt #41) in opposition to both motions. Petitioner filed an affirmation (Dkt #42) in reply.

For the reasons discussed below, Petitioner's motions to vacate and appoint counsel are denied.

**II. Motion to Vacate**

 **A. Legal Principles**

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, a court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Since Rule 60(b) "allows extraordinary judicial relief, it is invoked only upon a showing of *exceptional circumstances*." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (collecting cases; emphasis supplied). The Second Circuit has emphasized that Rule 60(b) "may not be used as a substitute for a timely appeal." Id. (collecting cases).

**B. Analysis**

  **1. Failure to Rule on a Claim of Ineffective Assistance of Appellate Counsel**

Petitioner contends that he is entitled to relief under Rule 60(b)(4) because, in dismissing his habeas petition, the Court did not rule on his claim that appellate counsel was ineffective in failing to raise a claim that the prosecutor committed misconduct during summation. (Dkt #39, pp. 4-6 of 63). Petitioner indicates that he raised this claim in his February 8, 2012 coram nobis

4

application and then included it as Ground Three on pages 9 and 9-A of his amended petition (Dkt #9), filed on January 26, 2014. Petitioner asserts that this omission violated his right to due process and a fair trial, and rendered this Court's judgment void.

The Court did reference ground three of the amended petition in the decision and order (see Dkt #32, p. 4) when it recited the claims presently raised. However, Petitioner is correct that the Court overlooked this claim and did not address it further.

Nonetheless, contrary to Petitioner's contention, Rule 60(b)(4) is not the proper vehicle for his motion. Rather, the motion should have been brought under Rule 60(b)(1), which is "is 'available for a district court to correct legal errors,'" United Airlines, Inc. v. Brien, 588 F.3d 158, 175 (2d Cir. 2009), such as when "'the judge has made a substantive mistake of law or fact,'" Lugo v. Artus, No. 05 Civ. 1998(SAS), 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008) (citation omitted). Rule 60(b)(1) is "also appropriate where a court may have overlooked certain parties' arguments or evidence in the record." Badian v. Brandaid Commc'ns Corp., No. 03 CIV. 2424(DC), 2005 WL 1083807, at *2 (S.D.N.Y. May 9, 2005) (citing Rumsey v. New York State Dep't of Corr. Servs., 580 F. Supp. 1052 (N.D.N.Y. 1984) (granting Rule 60(b)(1) motion where court may have overlooked triable issues of fact));

accord, e.g., PG 1044 Madison Assocs., L.L.C. v. Sirene One, L.L.C., 229 F.R.D. 450, 452 (S.D.N.Y. 2005).

Motions under Rule 60(b)(1) are subject to a strict time limitation. See FED. R. CIV. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Here, the judgment became final in November 2016, and the instant motion was not filed until well over a year later, in January 2018. The one-year "limitations period is 'absolute,'" Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000) (quoting 12 James Wm. Moore, MOORE'S FEDERAL PRACTICE § 60.65[2][a], at 60-200 (3d ed. 1997)). Therefore, the Court may not grant relief under Rule 60(b)(1). See id.

The Court has considered whether Petitioner's motion could warrant relief under subsection (b)(6), the "catch-all provision" of Rule 60(b). However, it is clearly settled that "Rule 60(b)(6) only applies if the reasons offered for relief from judgment are not covered under the more specific provisions of Rule 60(b)(1)-(5)." Warren, 219 F.3d at 114 (citing Liljeberg v. Health Serv. Acquisition Corp., 486 U.S. 847, 863 & n. 11 (1988) ("Rule 60(b)(6) . . . grants federal courts broad authority to relieve a party from a final judgment . . . provided that the motion . . . is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)."). As discussed above,

6

Petitioner's motion based on the Court's failure to address one of his habeas claims properly should have been brought under Rule 60(b)(1). Moreover, "Rule 60(b)(6) may not be used to circumvent the 1-year limitations period that governs Rule 60(b)(1)." Warren, 219 F.3d at 114 (citing 12 MOORE'S FEDERAL PRACTICE § 60.48[2]). The Second Circuit has held that "relief under clause (6) is available only when the movant acts in a timely fashion . . . ." United States v. Cirami, 563 F.2d 26, 32 (2d Cir. 1977). Here, by waiting over a year to file this motion, the grounds for which were apparent on the face of this Court's decision and order, Petitioner did not act in a "timely fashion." Furthermore, even if this ground for Petitioner's motion were properly considered under Rule 60(b)(6), Petitioner cannot establish "extraordinary circumstances" or "extreme hardship." See Nemaizer, 793 F.2d at 63 ("This portion [subsection (b)(6)] of . . . Rule [60] is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship[.]") (internal and other citations omitted). No "extraordinary circumstances" are apparent on the record. Likewise, Petitioner will not suffer an extreme hardship because the omitted claim is wholly without merit, as discussed further below.

In ground three, Petitioner took issue with the prosecutor's statement to the jury that

> [n]ow I don't have to prove to you when he got that shoestring but I think that based on this evidence a reasonable inference could be drawn that he headed back with the vaseline to that crime scene. It wasn't going to be difficult anymore. He headed back with the vaseline and he noticed that she was gone and that's why he took the shoestring with him because that's the string that could link him to the crime, that's what he left at the crime scene. . . .

(Dkt #39, p. of 63 (citing T.907).[1] Petitioner indicates that trial counsel objected, stating, "There is no testimony, there is nothing to that. He has no proof of that." (Id. (citing T.907)). The trial court overruled the objection, noting that "it is an inference that can be drawn." (T.908).

As Respondent pointed out in his answer to the amended petition, the record reveals that during his summation, defense counsel drew the jury's attention to the victim's testimony that she had been bound to the fence by two shoe laces, her underwear, and a dress. (T.886). On freeing herself, she left one shoe lace at the scene and fled with the other still attached to her wrist. (T.887). Defense counsel then called into question the testimony of Officers Divito and Pringle that, when they arrested Petitioner, he was clutching a shoe lace in his hand and his sneakers had no laces. Defense counsel remarked on the improbability of Petitioner walking around for hours with a shoe lace in his hand instead of putting it in his shoe. (T.892). Defense counsel then noted that

---

[1] Citations in parentheses to "T." refer to pages in the trial transcript.

there were three shoe laces—one left at the scene, one on the victim's wrist, and one in Petitioner's hand. (T.893).

Based on the foregoing facts, Petitioner's criticism of appellate counsel is unfounded, because Petitioner had no meritorious claim of prosecutorial misconduct to raise. To establish prosecutorial misconduct, a petitioner must show that the prosecutor's comments were "so egregious as to violate [the petitioner]'s due process rights." Tankleff v. Senkowski, 135 F.3d 235, 252 (2d Cir. 1998). "When a defendant contends that a prosecutor's [comment] rendered his trial fundamentally unfair, it is important 'as an initial matter to place th[e] remar[k] in context.'" Greer v. Miller, 483 U.S. 756, 765-66 (1987) (quoting Darden v. Wainwright, 477 U.S. 168, 179 (1986); citation omitted)). As a matter of federal and New York state law, there is no deprivation of a fair trial misconduct where the prosecutor has "responded reasonably in closing argument to defense counsel's attacks[.]" United States v. Young, 470 U.S. 1, 12 (1985); see also Roman v. Filion, No. 04 Civ. 8022(KMW)(AJP), 2005 WL 1383167, at *26 (S.D.N.Y. June 10, 2005)("[S]tatements during summation are permissible if they constitute a 'fair comment on the evidence' at trial and reasonable inference therefrom, or a 'fair response to remarks made by the defense counsel during summation.'") (quoting People v. Perez, 18 A.D.3d 480, 794 N.Y.S.2d 439, 440 (2d Dep't 2005)). Such was the case here, and the trial court did not err in

overruling defense counsel's objection because the prosecutor's statement was fair commentary on the evidence and was made response to defense counsel's summation.

Furthermore, Petitioner was not prejudiced by the prosecutor's comment. The Second Circuit has observed that "[o]ften, the existence of substantial prejudice turns upon the strength of the government's case: if proof of guilt is strong, then the prejudicial effect of the comments tends to be deemed insubstantial; if proof of guilt is weak, then improper statements are more likely to result in reversal." United States v. Modica, 663 F.2d 1173, 1181 (2d Cir. 1981) (citations omitted). Here, the prosecution introduced substantial evidence of Petitioner's guilt, which including the victim's identification, Petitioner's apprehension in the victim's car within a half an hour after the victim reported the rape, the fact that Petitioner was in possession of a shoe lace that matched the one used to restrain the victim, and the presence of Petitioner's DNA on her thigh.

Given that Petitioner has not established that he had a meritorious claim of prosecutorial misconduct, appellate counsel cannot be deemed ineffective for failing to present such an argument on direct appeal. "The failure to include a meritless argument does not fall outside the 'wide range of professionally competent assistance' to which [p]etitioner was entitled." Aparicio v. Artuz, 269 F.3d 78, 99 (2d Cir. 2001) (quoting Jameson v.

Coughlin, 22 F.3d 427, 429-30 (2d Cir. 1994); other quotation omitted).

### 2. Denial of Opportunity to Clarify Amended Petition

For his second argument in support of vacatur, which he bases on Rule 60(b)(6), Petitioner contends that the Court denied him the opportunity to amend his petition to fully present his claims. He argues that in his August 2016 motion to amend (Dkt #25), he put the Court on notice that he wanted to clarify the grounds for his coram nobis application, which were that the prosecutor suborned perjury and withheld Brady material. Petitioner contends that the Court was "on notice" that the facts were stated incorrectly, and in a different manner than he had raised them in state court. Accordingly to Petitioner, the Court issued its November 2016 decision on an incomplete record and denied him his due process rights.

As an initial matter, it appears that this claim is belied by the record. The Court did specifically address the merits of Petitioner's Brady and perjured testimony claims in its November 2016 decision and order. (See Dkt #32, pp. 4-6). Moreover, the Court did not find them to be unexhausted based on any failure of Petitioner to present the factual and legal bases for these claims to the state courts.

Furthermore, Petitioner did not make this motion in a timely fashion. As noted above, the Second Circuit has held that "relief

11

under clause (6) is available only when the movant acts in a timely fashion . . . ." Cirami, 563 F.2d at 32.

In addition, Petitioner cannot properly rely on Rule 60(b)(6) because the record lacks any evidence of "extraordinary circumstances" or "extreme hardship." As Respondent points out, when the Court granted the stay initially in March 2014, Petitioner was ordered to return within 30 days of his effort at exhaustion of his ineffective assistance claims and file a motion to vacate the stay and to reinstate the ineffective assistance claims. Instead, on January 15, 2015, he filed another motion to vacate alleging perjury by prosecution witnesses, ineffective assistance of trial counsel, and prosecutorial misconduct—the same claims raised in his earlier applications for writs of error coram nobis and to vacate the judgment pursuant to New York Criminal Procedure Law § 440.10 motion. Reviewing the chronology of this matter, it is apparent that Petitioner had more than ample opportunity to ascertain that he had completely presented all of his supporting factual allegations and legal arguments to this Court, in the same fashion that he had presented them to the state courts. His attempt to pass this responsibility onto the Court is unavailing. In short, Petitioner's second ground for relief is without merit.

### III. Motion to Appoint Counsel

Petitioner's request for appointment of counsel at public expense is governed by Hodge v. Police Officers, 802 F.2d 58 (2d

Cir. 1986), and its progeny. In Hodge, the Second Circuit instructed that in deciding whether to appoint counsel, "the district judge should first determine[,]" as a "threshold requirement," "whether the indigent's position seems likely to be of substance. . . ." Id. at 62. Here, the petition has been denied by this Court, certificates of appealability were denied both by this Court and the Second Circuit, and Petitioner's appeal was dismissed by the Second Circuit. Petitioner's motion to vacate, although pro se, was extensively briefed and supported by exhibits. Nonetheless, it is meritless, and it is being dismissed as such. Appointment of pro bono counsel in the present case would be an abuse of this Court's discretion under Hodge.

## IV. Conclusion

For the foregoing reasons, Petitioner's motion to vacate is denied, and his motion to appoint counsel is denied. The Court declines to grant a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   June 4, 2018
         Rochester, New York.